*Law Offices of*
## SUSAN CHANA LASK

**244 Fifth Avenue, Suite 2369**
**New York, N.Y. 10001**

(917) 300-1958                                   www.appellate-brief.com

<u>VIA ECF</u>           # MEMORANDUM ENDORSED.

August 22, 2014

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 6B
New York, NY 10007

           Re: <u>Franzone/Lask Docket 14-CV-03043</u>

Dear Honorable Judge Gorenstein:

    This letter responds to Mr. Dollinger's August 21, 2014 filing to prevent further confusion. Mr. Dollinger's filing, which is not a motion on notice, deliberately deceives the court (a) as if I had to request an adjournment for a reply which is not the case when Dollinger was timely served pursuant to FRCP 5 and (b) as if the court must order me to answer his sham complaint against this court's own rules staying the case while he admits the complaint is defective.

    His claim that my reply was late and prejudices him is baseless. ECF permits filing up to 11:59 p.m. The reply was filed 8 minutes past 12 a.m. The eight minutes was because of an internet connection issue that evening. Nonetheless, eight minutes on ECF of a reply, to which there is no right to a sur-reply nor was one requested, is not prejudicial to Mr. Dollinger, nor does he claim any prejudice. *Minitti v. Speiser, Krause, Nolan & Granito, P.C.,* 2006 U.S. Dist. LEXIS 91986, 2006 WL 3740847, *11 n.6 (S.D.N.Y. 2006) (denying motion to strike untimely reply papers because the party "does not claim any prejudice as a result of the delay, and it is unclear why any would result from the late filing of reply papers.").

    Mr. Dollinger further misrepresents follow-up filings. The exact document was re-filed that morning because a sentence was inadvertently not redacted. ECF requested the exact document re-filed under a different event code the next day. Mr. Dollinger received the ECF notice yet he misrepresents the facts to this court as if that notice did not exist. Nevertheless, he admits ECF is not an issue as he was timely served with the unredacted document by mail on August <u>18</u>, 2014 pursuant to F.R.C.P. 5(b) (service is complete upon mailing). And, in an abundance of caution, I mailed it to both his White Plains <u>and</u> allged North Carolina address that day. My proof of service lists his White Plains address as that is his official address[1]. I accidentally did not list his North Carolina address. I apologize for the omission; however, he admits service and does not claim any prejudice.

---

[1] Dollinger lists his address in New York's OCA and on every filing as White Plains. At every case he has, he confirmsWhite Plains is his address. As recently as August 6, 2014, at the sanctions hearing against him, he stated to the Federal Court that he is "Douglas Dollinger, **Fifth and Main Street, White Plains**, New York." (*Indiezone,* Northern District of CA, 13-cv-04280, Dkt 140-1, transcript p. 4:5-11).

*LAW OFFICES OF SUSAN CHANA LASK*
8/22/14 Mag. Gorenestein
p 2 of 2

      Finally, Mr. Dollinger deliberately misrepresents that I am in default of answering when I am not. He does this by misrepresenting this court's own rules to mislead the court to enter an improper order against its own rules. Judge Woods' Rule 2-C states "a pre-motion submission regarding a pre-answer motion to dismiss **will stay** that party's obligation to answer or move against the complaint through the date of the pre-motion conference." (emphasis added). On June 6, 2014, my pre-motion submission stayed the time to answer (**Dkt 12**). Mr. Dollinger responded without any opposing law or fact and admitted his complaint was improper by requesting to amend it (**Dkt 17**). I responded that "the complaint is a fraud and amending it is **futile**. *Omansky v. U.S.* 2014 WL 2153812 (S.D.N.Y., 4/7/14)." (**Dkt. 23**). Mr. Dollinger had no basis to make this false argument for an order directing I answer while the matter is stayed pursuant to the court's rules. This blatant deception upon the court of fact and law is beyond unethical.

      Mr. Dollinger chose to file his latest submission proving his continued pattern and practice of baseless and deceitful filings. I respectfully request that the court consider that when considering the present motions before it, including to disqualify him, as he refuses to follow law, procedure and court orders. Also, I respectfully request the court decline his latest filing other than to recognize it as deceitful and sanctionable that unnecessarily protracts this matter.

      Your attention to this matter is appreciated.

      Very truly yours,
LAW OFFICES OF SUSAN CHANA LASK

SUSAN CHANA LASK

cc: Douglas Dollinger

In light of this letter, the Court is considering sanctions against defendant for violating the Court's Order dated August 5, 2014, paragraph 2 (Docket # 57). The Court will defer such consideration indefinitely as long as no personal attacks are contained in future submissions.
Dated: August 22, 2014. So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge