```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/25/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
   GEORGETTE FRANZONE and                                  :
   JONATHAN MANN,                                          :
                                                           :
                                    Plaintiffs,            :   1:14-cv-3043-GHW
                                                           :
                -against-                                  :   MEMORANDUM AND ORDER
                                                           :   ADOPTING REPORT AND
   SUSAN CHANA LASK, ESQ.,                                 :   RECOMMENDATION
                                    Defendant.             :
                                                           :
----------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

   Plaintiffs commenced this action on April 22, 2014, alleging breach of fiduciary duty, negligence, legal malpractice, unjust enrichment, negligent infliction of emotional distress, stalking, false advertising and deceptive trade practices, and fraud. Plaintiffs amended their complaint on October 14, 2015, and Defendant moved to dismiss the amended complaint on November 20, 2015. Dkt. Nos. 118, 125. Prior to Plaintiffs' filing of their amended complaint, the Court referred the case to Magistrate Judge Gorenstein for all dispositive motions. Dkt. No. 101. On August 5, 2016, Judge Gorenstein issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be granted in its entirety. After reviewing the briefing and the R&R—and with the exception of two non-dispositive issues outlined below—the Court adopts Judge Gorenstein's R&R.

I.  STANDARD OF REVIEW

   In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court must "determine de novo any part of the magistrate judge's disposition that has

been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997). If no timely objections are made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner,* No. 02 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Here, Plaintiffs have lodged no objection to Judge Gorenstein's R&R that Defendant's motion be granted and that their amended complaint be dismissed.

## II. DISCUSSION

The Court agrees with the Judge Gorenstein's recommended disposition of Defendant's motion. However, the Court analyzes two issues raised in the briefing in a manner which varies from the approach proposed in the R&R as described below.

### A. Diversity Jurisdiction in Light of Post-Filing Events

After concluding that Plaintiffs' did not plausibly plead a claim for legal malpractice, the R&R concludes in the alternative that the claim must be dismissed because the claim does not meet the monetary threshold necessary to invoke the Court's diversity jurisdiction. R&R at 19. Specifically, in construing the allegations in the amended complaint, the R&R concludes that there is insufficient factual support in the complaint for Plaintiffs' allegation that they suffered damages of $105,000 in legal fees or $1,500,000 in "business investments." *Id.* Because the remaining $15,000 retainer fee falls short of the $75,000 threshold for diversity jurisdiction, the R&R concludes that Plaintiffs' legal malpractice claim must be dismissed. *Id.*

As an initial matter, because "the diversity statute confers jurisdiction over 'civil actions rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement.'" *Deajess Med. Imaging, P.C. v. Allstate Ins.*

*Co.*, 344 F. Supp. 2d 907, 912 (S.D.N.Y. 2004) (citing *Snyder v. Harris,* 394 U.S. 332, 335 (1969)). By contrast, "separate and distinct claims raised by different plaintiffs may not be aggregated to satisfy the jurisdictional amount in controversy." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Therefore, whether the legal malpractice claim asserted on behalf of Plaintiff Franzone meets the monetary threshold must be assessed in conjunction with other claims brought on her behalf, rather than in isolation.

In addition, "[s]atisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). "'Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Id.* (quoting St. *Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938)); *see also RCX I, LLC v. Pitter-Nelson*, No. 11 CIV. 03513 CM, 2014 WL 5809514, at *8 (S.D.N.Y. Nov. 6, 2014).

As the Second Circuit has held, there is a "presumption that the face of the complaint is a good faith representation of the actual amount in controversy," which can be rebutted by a finding "that the jurisdictional allegations of the complaint were made in bad faith in an attempt to feign jurisdiction." *Wolde-Meskel*, 166 F.3d at 63 (citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785-86 (2d Cir. 1994)). "[T]o demonstrate a filing in bad faith, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "[A] valid defense offered by the defendant, or *actual* recovery in an amount less than the minimum jurisdictional amount 'do [ ] not show [plaintiff's] bad faith or oust jurisdiction.'" *Id.* (quoting *St. Paul*, 303 U.S. at 289) (emphasis added); *see also Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347

3

F.3d 394, 397 (2d Cir. 2003) ("Were such defenses to affect the jurisdictional amount . . . 'doubt and ambiguity would surround the jurisdictional base of most diversity litigation from complaint to final judgment[, and i]ssues going to a federal court's power to decide would be hopelessly confused with the merits themselves.'") (quoting *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) (alterations in original)).

Here, there are no findings in the R&R that Plaintiffs' jurisdictional allegations in the complaint were made in bad faith. Therefore, the Court has no basis on which to conclude that Plaintiffs' jurisdictional allegations were made in an attempt to feign jurisdiction. Accordingly, the Court does not adopt Judge Gorenstein's alternative basis for dismissing Plaintiffs' legal malpractice claim. However, because the Court agrees with Judge Gorenstein that Plaintiffs have failed adequately to plead a cause of action for legal malpractice, it adopts the R&R's conclusion with respect to that claim.

### B. Unjust Enrichment

Addressing Plaintiffs' unjust enrichment claim, the R&R recommends that the claim be dismissed because that claim too fails to meet the requisite monetary threshold for diversity jurisdiction in light of the dismissal of Franzone's malpractice claim. R&R at 24. Although, as described above, diversity jurisdiction is not defeated under these circumstances, the Court's de novo evaluation of Plaintiffs' unjust enrichment claim also reaches the conclusion that the claim must be dismissed.

As alleged in the amended complaint, in December 2010, Plaintiff Franzone entered into a retainer agreement with Defendant in connection with Defendant's representation of Franzone's prosecution of her civil rights complaint against the City of New York and Liliana Narbone. First Amend. Compl., Dkt. No. 118, ¶ 55. The retainer agreement required Franzone

to pay Defendant $15,000, which, as alleged in the amended complaint, Plaintiff Mann paid on her behalf. *Id.* ¶¶ 91-94. Plaintiffs allege that Defendant obtained the $15,000 under the retainer through "omissions, misleading, deceptive and unfair conduct," and that Defendant was unjustly enriched as a result. *Id.* ¶¶ 92-94.

It is well settled under New York law that "the existence of a valid and enforceable contract precludes an unjust enrichment claim relating to the subject matter of the contract." *Morgan Stanley & Co. Inc. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 545 (S.D.N.Y. 2013) (collecting cases); *see also Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587 (2d Cir. 2006). Here, as Plaintiffs concede in their opposition, the existence of the retainer agreement precludes a claim for unjust enrichment. Pls.' Pro Se Mem. of Law in Response to the Defendant's Mot. to Dismiss at 12 n.7. Accordingly, Plaintiffs' unjust enrichment claim is dismissed.[1]

### C. Leave to Amend the Complaint

Although Plaintiffs have already once amended their complaint in response to Defendant's motion to dismiss, in this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Moreover, "leave to replead should be liberally granted to *pro se* litigants." *Vallen*

---

[1] Plaintiffs argue that the Court should read this cause of action as one for breach of contract (and as to both Plaintiffs despite the fact that the retainer agreement does not reference Plaintiff Mann). The Court recognizes that "[*p*]*ro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citations omitted). To plausibly plead a cause of action for breach of contract under New York law, Plaintiffs must allege "'(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). Conspicuously absent from the amended complaint, however are any allegations describing the nature of Defendant's breach. Therefore, even applying the liberal standard applicable to *pro se* complaints, the Court cannot conclude that the amended complaint adequately pleads a cause of action for breach of contract.

5

*v. Plan*, No. 15-CV-0703(JS)(ARL), 2016 WL 482026, at *4 (E.D.N.Y. Feb. 4, 2016) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Accordingly, the Court will allow Plaintiffs to file a second amended complaint to the extent they can cure any of the defects in their first amended complaint.

### III. CONCLUSION

With the exception of the issues discussed above, the Court adopts Judge Gorenstein's R&R in its entirety. Defendant's motion to dismiss Plaintiffs' amended complaint is, therefore, GRANTED. Plaintiffs are granted leave to file an amended complaint no later than 30 days following the date of this order.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 125.

SO ORDERED.

Dated: August 25, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge

6